

Judicial Links | eFiling | Help | Contact Us | Print　　　　　　　　　　Logon

**1522-AC02216 - GABRIEL PERAZA V ALLIANCEONE RECEIVABLES MANAGEMEN (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending　　　　Display Options: All Entries

| Date | Entry |
|---|---|
| 03/17/2015 | **Motion for Continuance**<br>Plaintiff s Motion for Continuance.<br>　**Filed By:** RICHARD ANTHONY VOYTAS<br>　**On Behalf Of:** GABRIEL PERAZA |
| 02/27/2015 | **Notice of Service**<br>Affidavit of Service.<br>　**Filed By:** RICHARD ANTHONY VOYTAS<br>　**On Behalf Of:** GABRIEL PERAZA<br>**Corporation Served**<br>Document ID - 15-ADSM-1511; Served To - ALLIANCEONE RECEIVABLES MANAGEMENT, INC.; Server - ; Served Date - 24-FEB-15; Served Time - 12:42:00; Service Type - Special Process Server; Reason Description - Served |
| 02/20/2015 | **Summons Issued-Associate**<br>Document ID: 15-ADSM-1511, for ALLIANCEONE RECEIVABLES MANAGEMENT, INC.. |
| 02/19/2015 | **Hearing Scheduled**<br>　Scheduled For: 03/19/2015;  9:30 AM ;  BARBARA PEEBLES;  City of St. Louis<br>**Filing Info Sheet eFiling**<br>　**Filed By:** RICHARD ANTHONY VOYTAS<br>**Motion Special Process Server**<br>Plaintiff s Request for Appointment of Special Process Server.<br>　**Filed By:** RICHARD ANTHONY VOYTAS<br>　**On Behalf Of:** GABRIEL PERAZA<br>**Pet Filed in Associate Ct**<br>Petition.<br>　**Filed By:** RICHARD ANTHONY VOYTAS<br>**Judge Assigned** |

Case.net Version 5.13.7.0　　　　　　　Return to Top of Page　　　　　　　Released 01/07/2015

**EXHIBIT A**



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BARBARA PEEBLES | Case Number: 1522-AC02216 | |
|---|---|---|
| Plaintiff/Petitioner:<br>GABRIEL PERAZA<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RICHARD ANTHONY VOYTAS<br>1 NORTH TAYLOR<br>ST LOUIS, MO  63108 | |
| Defendant/Respondent:<br>ALLIANCEONE RECEIVABLES<br>MANAGEMENT, INC. | Date, Time and Location of Court Appearance:<br>19-MAR-2015, 09:30 AM<br>Division 27<br>**CIVIL COURTS BUILDING**<br>**10 N TUCKER BLVD**<br>**SAINT LOUIS, MO  63101** | |
| Nature of Suit:<br>AC Other Tort | | (Date File Stamp) |

## Associate Division Summons

The State of Missouri to: **ALLIANCE ONE RECEIVABLES MANAGEMENT, INC.**
Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVENUE
CLAYTON, MO  63105

**SPECIALS**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**FEBRUARY 20, 2015**
Date

_Thomas Kloeppinger_
Thomas Kloeppinger
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Service must not be made less than ten days nor more than thirty days from the date the Defendant/Respondent is to appear in court.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other_____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____     _____
                        Date                  Notary Public

**Sheriff's Fees, if applicable**
Summons   $_____
Non Est   $_____
Mileage   $_____ (____ miles @ $.____ per mile)
Total     $_____
A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF SAINT LOUIS CITY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **GABRIEL PERAZA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division |
| **ALLIANCEONE RECEIVABLES** ) | |
| **MANAGEMENT, INC.,** ) | |
| ) | |
| Serve at: ) | |
| CT Corporation System ) | |
| 120 South Central Avenue ) | |
| Clayton, Missouri 63105 ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## PETITION

COMES NOW, Plaintiff, Gabriel Peraza ("Plaintiff"), and for his Petition for Damages states as follows:

### INTRODUCTION

1.  This is an action for statutory and actual damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.  Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION AND VENUE

3.  This Court has jurisdiction of the FDCPA claims under 15 USC 1692k(d). Venue is appropriate in this Court because Defendant directed its illicit conduct at Plaintiff in St. Louis City, Missouri.

1

## PARTIES

4. Plaintiff is a natural person currently residing in St. Louis City, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. To the best of Plaintiff's recollection, the alleged debt arises out of a personal Firestone credit card.

5. Defendant AllianceOne Receivables Management, Inc. ("Defendant") is a foreign corporation with its principal place of business Trevose, Pennsylvania.

6. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 USC § 1692a(6).

## FACTS

8. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

9. Defendant's collection efforts consisted of a collection letter and multiple telephone calls to Plaintiff's place of employment.

10. On December 16, 2014, Defendant mailed Plaintiff a collection letter wherein it demanded payment for $1,122.47.

11. To the best of his recollection, Plaintiff received the letter within about a week of its printed date.

12. Defendant's collection letter informed Plaintiff that he had thirty (30) days from receipt of the letter to verify the validity of the debt itself and the amount Defendant demanded thereon.

2

13. At all times relevant to this action, Defendant has had a valid address and telephone number for Plaintiff.

14. Defendant has never had any mail returned undeliverable that it has sent to Plaintiff's residence address.

15. As of December 2014, Defendant had no reason to believe that it did not possess Plaintiff's valid contact information and thus possessed no reason to contact third parties regarding Plaintiff's alleged debt in order to obtain such contact information.

16. Notwithstanding, in late-December of 2014, Defendant began calling Plaintiff's co-worker at Plaintiff's place of employment.

17. Prior to these calls, Plaintiff never provided his consent directly to the Defendant for Defendant to contact his place of employment in connection with the alleged Firestone credit debt.

18. Plaintiff does not possess a personal phone line at work, and it is wholly irregular for him to receive any phone calls at his place of employment.

19. Defendant called Plaintiff's place of employment and spoke personally to Plaintiff's co-worker on more than one occasion in connection with Plaintiff's alleged debt.

20. Defendant's agent provided his name and number to Plaintiff's co-worker and asked the co-worker to convey the message to Plaintiff.

21. After having received multiple calls at his work, Plaintiff called the phone number that Defendant provided to Plaintiff's co-worker.

22. This initial phone call occurred in late-December, 2014.

23. At the time of this first phone conversation, Plaintiff's thirty (30) day period in which to exercise his rights pursuant to 15 U.S.C. § 1692g was in full force and effect.

3

24. During the call, Defendant attempted to set up a payment plan with Plaintiff within his dispute and verification period.

25. Specifically, Defendant tried to coerce Plaintiff into agreeing to pay a reduced settlement amount of $800, payable in four installments.

26. As an unsophisticated consumer, Plaintiff did not understand that he maintained his dispute rights if he agreed to a payment plan during the dispute period.

27. Nevertheless, Defendant never communicated to Plaintiff the he still possessed his dispute rights even though Defendant was actively attempting to finalize a payment plan within his dispute period.

28. After the late-December 2014 phone conversation, Plaintiff hired an attorney, Scott Brinkman, to represent him on the alleged Firestone debt.

29. Accordingly, Plaintiff called to inform Defendant that he had hired an attorney and to further request that he no longer be contacted at his place of employment.

30. This second phone conversation occurred on January 19, 2015.

31. While Plaintiff's collection letter was dated and presumably sent on December 16, 2014, Plaintiff called Defendant as instructed within 30 days of receiving the letter.

32. At the time of this second phone conversation, Plaintiff's thirty (30) day period in which to exercise his rights pursuant to 15 U.S.C. § 1692g was in full force and effect.

33. At the very outset of the call, after verifying Plaintiff's identity, Defendant immediately demanded to know if Plaintiff possessed a Visa or MasterCard with which to pay off the debt "today".

34. In response, Plaintiff informed the Defendant that he could not afford to pay the debt and requested to know why Defendant was calling his place of employment in connection with the debt.

35. Defendant, presumably realizing that it was an unlawful collection activity, denied ever having called Plaintiff's place of employment.

36. This was a lie and Defendant knew it.

37. Instead of providing Plaintiff accurate information, Defendant chose to, once again, obtain a payment on the alleged debt within Plaintiff's dispute period.

38. In the process of Plaintiff's attempt to make sure Defendant no longer contacted his employer, Defendant interjected and demanded to know if Plaintiff was "going to pay off the debt today" even though Plaintiff had already informed Defendant mere moments before that he could not afford to pay the debt.

39. Defendant's repeated attempts in the phone call for Plaintiff to pay off the debt "today" overshadowed Plaintiff's dispute, validation, and verification rights as provided in 15 U.S.C. § 1692g.

40. Defendant's above-described conduct caused Plaintiff to believe that he could not exercise his dispute rights or that such an exercise would not be honored.

41. Plaintiff never agreed to arbitrate any disputes with Defendant.

42. Defendant's conduct has caused Plaintiff to suffer actual damages including but not limited to embarrassment, anxiety and worry.

## COUNT I: VIOLATIONS OF THE FDCPA

43. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

5

44. In its attempt to collect the alleged debt through Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. 1692 *et. seq.*, including, but not limited to, the following:

    a. Overshadowing Plaintiff's dispute, validation, and verification rights. 15 U.S.C. § 1692g(b);

    b. Communicating with a third party, in connection with the alleged debt, without the prior consent of Plaintiff. 15 U.S.C. § 1692c(b);

    c. In the alternative, if Defendant was contacting Plaintiff's employer in order to obtain Plaintiff's contact information even though it had no reason to do so, Defendant unlawfully communicated with a third party more than once for such a purpose. 15 U.S.C. § 1692b(3);

    d. Asking a third party to convey a message in connection with a debt to the consumer. 15 U.S.C. § 1692b; and

    e. Engaging in misleading, deceptive, harassing, and unfair collection tactics, including contacting a consumer's employer and then lying to the consumer to cover-up that fact. 15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and in favor of Plaintiff for:

    A. Judgment that Defendant's conduct violated the FDCPA;

    B. Actual damages;

    C. Statutory damages, costs, and reasonable attorney's fees pursuant to 15 USC § 1692(k); and

    D. For such other relief as the Court may deem just and proper.

**VOYTAS & COMPANY**

/s/ Richard A. Voytas, Jr.

---

RICHARD A. VOYTAS, JR. #52046
ALEXANDER J. CORNWELL, #64793
VOYTAS & COMPANY
1 North Taylor Avenue
St. Louis, Missouri 63108
Phone: (314) 932-1068